IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re Mark B. Crowe, | ) | |
| | ) | Case No. 22-08022 |
| Debtor. | ) | Judge Cleary |

**MARK CROWE'S RESPONSE TO THE**
**MOTION OF SALLY CROWE FOR RELIEF FROM AUTOMATIC STAY**

Debtor, Mark B. Crowe ("Mark" or "Debtor"), by counsel Ottenheimer Law Group, LLC and in support of his Response to the Motion of Sally Crowe ("Sally") for Relief from the Automatic alleges and states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334(b) and (d) in that it is a contested matter pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure, arising under, arising in, or related to a bankruptcy case under Title 11 of the United States Code.

   **ANSWER:** Mark admits the allegations contained in Paragraph 1.

2. The Motion arises under 11 U.S.C. § 362.

   **ANSWER:** Mark admits the allegations contained in Paragraph 2.

3. The Motion initiates a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

   **ANSWER:** Mark admits the allegations contained in Paragraph 3.

4. Venue in this District is proper pursuant to 28 U.S.C. § 1409(a).

   **ANSWER:** Mark admits the allegations contained in Paragraph 4.

**PARTIES**

5. The Debtor, Mark B. Crowe ("Debtor") filed Voluntary Petition under Chapter 11 Bankruptcy Code on July 19, 2022 (the "Petition Date") under the above captioned case number

triggering an automatic stay, triggering the automatic restraining provisions of Section 362 of the Bankruptcy Code.

> **ANSWER:** Mark admits the allegations contained in Paragraph 5.

6. The Debtor and Sally were lawfully married on May 30, 1998, in Cook County, Illinois, and have two (2) children as a result of the marriage, Ava Crowe born August 2002 and Charles Crowe ("Charles"), born 2004

> **ANSWER:** Mark admits the allegations contained in Paragraph 6.

7. On January 28, 2021, Sally filed a petition for divorce known as 21D735 (the "Divorce Case.").

> **ANSWER:** Mark admits the allegations contained in Paragraph 7.

8. On May 31, 2021, Joel Levin was appointed Guardian *ad litem* for Charles ("GAL").

> **ANSWER:** Mark admits the allegations contained in Paragraph 8.

9. On July 22, 2022, the Circuit Court of Cook County, Domestic Relations Division entered a dissolution of marriage (the "JDOM"). A copy of the JDOM is attached hereto as **Exhibit A.**

> **ANSWER:** Mark admits the allegations contained in Paragraph 9. Further answering, Exhibit A speaks for itself.

10. Prior to the entry of the JDOM, pursuant to Sally's Motion under 750 ILCS 5/401(b) to bifurcate, the Circuit Court entered an order on July 21, 2022, pursuant to Sally's Motion to Bifurcate, bifurcating the JDOM from determination of marital assets and their entitlement.

> **ANSWER:** Mark admits the allegations contained in Paragraph 10.

11. The issues of payment of maintenance, attorney's fees, the respective rights of each party in and to properties, income or estate which either of them now own or may hereafter acquire, including a division of all marital and non-marital property and a division of marital debt, and other matters was reserved for further proceedings (the "Asset Determination"). The Asset Determination was set for trial on July 19, 2022.

> **ANSWER:** **Mark admits the allegations contained in Paragraph 11.**

### MARITAL RESIDENCE AND THE DIVISION OF PROCEEDS THEREFROM

12. Prior to the divorce, Sally and the Debtor lived in real property located at 1108 Elm Street, Winnetka, IL 60093 (the "Marital Residence").

> **ANSWER:** **Mark admits the allegations contained in Paragraph 12.**

13. On October 22, 2021, the Marital Residence was sold and proceeds from the sale of the Marital Residence in the approximate amount of $259,000 were escrowed with the GAL (the "Escrowed Proceeds"). A copy of the Master Statement from the closing of the Marital Residence is attached hereto as **Exhibit B**.

> **ANSWER:** **Debtor admits that the marital residence was sold. Further answering, the amount escrowed was $527,865.322. Further answering, Exhibit "B" speaks for itself. Further answering, the residence was not held jointly when the parties were married; further answering the marital residence was in Mark's name only.**

14. Sally believes that she is entitled to a greater, if not all of the interest in the Escrowed Proceeds, and the Court in the Divorce Case has intimated preliminary agreement with Sally's position.

> **ANSWER:** **Mark admits that Sally believes she is entitled to a greater if not all of the interests in the Escrow proceeds but is without sufficient information and knowledge so as to either admit or deny the remaining allegation that the Court in the Divorce case has intimated preliminary agreement Sally's position. Further answering, any and**

3

all orders that were entered relating to the division of the assets were temporary orders only, subject to further reallocation.

## RELIEF FROM STAY

15. By this Motion, Sally requests the entry of an Order pursuant to Section 362(d) of the Bankruptcy Code, lifting the automatic stay to allow the Circuit Court of Cook County Domestic Relations Division to determine entitlement to the Escrowed Proceeds, or, in the alternative, for the entry of an Order pursuant to Section 305 of the Bankruptcy Code for the Bankruptcy Court to abstain from hearing the issue of entitlement to the Escrowed Proceeds.

    **ANSWER:** **Debtor admits the allegations contained in Paragraph 15.**

16. All relevant pleadings in connection with the Escrowed Proceeds have been filed in the Divorce Case. A copy of Sally's Pre-trial Memorandum is attached hereto as **Exhibit C**.

    **ANSWER:** **Mark admits the allegations contained in Paragraph 16. Further answering, Exhibit "C" speaks for itself.**

17. The Debtor did not list his interest in the Escrowed Proceeds in his bankruptcy schedules, one of several defects and/or possibly false statements made by the Debtor in his bankruptcy schedules.

    **ANSWER:** **Mark denies the allegations contained in Paragraph 17. Mark did list the escrow proceeds in the Statement of Financial Affairs but thereafter has amended the Bankruptcy Petition to include this as an asset.**

18. Previous distributions out of the Escrowed Proceeds for Sally's benefit have been allowed.

    **ANSWER:** **Mark admits the allegations contained in Paragraph 18 and further admits that previous distribution of the escrow proceeds for the Debtor's benefit had been allowed, as agreed orders.**

19. Sally is owed in excess of $70,000 by the Debtor for accrued and unpaid maintenance. A copy of the Order entered in the Divorce Case granting Sally monthly maintenance in the amount of $5,267.83 is attached hereto as **Exhibit D.**

> **ANSWER:** **Debtor is without sufficient information and knowledge so as to either admit or deny the allegations contained in Paragraph 19 and therefore denies the same. Further answering, Exhibit "D" speaks for itself.**

20. The Debtor did not schedule Sally as a creditor.

> **ANSWER:** **Debtor admits the allegations contained in Paragraph 21, but thereafter has amended the schedules to list Sally Crowe as a creditor with a disputed contingent and unliquidated claim.**

21. Pursuant to 11 U.S.C. Section 362(d) the Court shall grant relief from the automatic stay "…for cause."

> **ANSWER:** **For his answer to Paragraph 21, 11 U.S.C Section 362(d) speaks for itself.**

22. Divorce Court is appropriate forum to equitably allocate marital property, even though one of the spouses has filed for bankruptcy relief and property of the estate may be involved. *In re Thorpe,* 546 B.R. 172(2016).

> **ANSWER:** **Mark admits the allegations contained in Paragraph 22.**

23. Section 305(a)(1) of the Bankruptcy Code provides, in relevant part, that:

"the Court, after notice and a hearing, may dismiss a case under this Title, or may suspend all proceedings in a case under this title, and any time if … the interests of creditors and the debtor would be better served by such dismissal or suspension." 11 U.S.C. Section 305(a)(1).

Whether to dismiss or suspend a bankruptcy case or any part of it under Section 305(a)(1) is within the discretion of the Bankruptcy Court. See In re Int'l Zinc

5

Coatings & Chen. Corp., 355 B.R. 76, 82 (Bankr N.D.Ill. 2006) (Citing *801 S. Wells Street L.P.,* 192 B.R. 718, 723 (Bankr.N.D.Ill. 1996)).

**ANSWER:** **For his answer to Paragraph 23, 11 U.S.C. Section 305(a)(1) speaks for itself.**

24. When considering whether to dismiss or abstain a proceeding under section 305(a)(1) of the Bankruptcy Code, courts consider a non-exclusive list of factors, including:

(1) Economy and efficiency of administration;

(2) Whether another forum is available to protect the interests of both parties or there is already a pending proceeding in a state court;

(3) Whether federal proceedings are necessary to reach a just and equitable solution;

(4) Whether there is an alternative means of achieving the equitable distribution of assets;

(5) whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement which better serves all interests in the case;

(6) whether a non-federal insolvency has proceeded so far in those proceedings that it would be costly and time consuming to start afresh with the federal bankruptcy process; and

(7) the purpose for which bankruptcy jurisdiction has been sought.

*801 S. Wells St .L.P.,* 192 B.R. at 723 (Bankr. N.D.Ill. 1996); In re: Crown Village Farm, LLC, 415 B.R. 86, 95 (Bankr. D. Del. 2009); *In re Compañia de Altimentos Fargo, S.A.*, 376 B.R. 427, 434-35 (Bankr. S.D.N.Y. 2007).

**ANSWER:** **Mark admits the allegations contained in Paragraph 24.**

25. Cause exists in this case for a lifting of the automatic stay to allow the Circuit Court to determine interests in the Escrowed Proceeds or for this court to abstain from that determination.

**ANSWER:** **Debtor is without sufficient information and knowledge so as to either admit or deny the allegations contained in Paragraph 28 and therefore denies the same.**

WHEREFORE, Debtor Mark Crowe, requests that this Court enter an order consistent with Bankruptcy law, whatever is in the best interest of the Debtor, and for all other just and proper relief.

Mark Crowe

By: /s/ Lester A. Ottenheimer, III
One of his attorneys

**Attorneys for Debtor**
Lester A. Ottenheimer
(Atty No. 3127572)
Ottenheimer Law Group, LLC
750 W. Lake Cook Road
Suite 290
Buffalo Grove, IL 60089
847-520-9400
Lottenheimer@olawgroup.com